ALBANY,
Oct. 1832.

THE PEOPLE *vs.* THOMAS TRACY.

The People
v.
Tracy.

A judge of the county courts, not being a justice of the peace, cannot act as a member of a court of *special sessions*, except when the offender is brought before *him* on the warrant by virtue of which he is arrested, and requests to be tried, or omits to give bail.

If in any other case he acts as a member of such court, the proceedings are *coram non judice*, and a person guilty of *false swearing* before such tribunal, thus illegally constituted, cannot be punished as for perjury.

CERTIORARI to the general sessions of Chenango. The defendant was charged with *perjury*, committed by him in a court of *special sessions*, holden before *a judge* of the county courts of Chenango, who was not a justice of the peace, and before *two justices of the peace* of that county, on the trial of one Nathaniel Tracy. It appeared that Nathaniel Tracy, when arrested on the warrant issued against him, was brought before one of the *justices* before whom he was tried, who associated the other magistrates with him for the trial of the offender. The counsel for the defendant insisted that the court of special sessions thus constituted was not duly organized ; that Nathaniel Tracy not having been brought on the warrant issued against him before the judge who associated with the justices for his trial, such judge could not legally form a component part of the court of special sessions, and that consequently all the proceedings as to the trial were *coram non judice ;* and if so, he insisted that perjury could not have been committed by the defendant, *Thomas Tracy,* and moved for his discharge. The court of general sessions refused the discharge, and the cause being committed to the jury, they brought in a verdict of *guilty.* The general sessions suspended judgment, and the district attorney sued out a *certiorari* to this court.

*A. Cook,* for the defendant.

*J. Clapp,* (district attorney,) for the people.

*By the Court,* SAVAGE, Ch. J. By the *Revised Statutes, vol.* 2, *p.* 224, § 3, courts of special sessions in all the counties ex-

cept New-York, may be held by *three justices* of the peace, or by two such justices and one judge of the county courts of such county, *in the cases and for the purposes provided by law.* When any person requests to be tried by a court of special sessions, it is made the duty of the magistrate, if he be a justice of the peace or a judge of the county courts, before whom such person shall have been brought, to certify such charge and request to any *two justices* of the peace of the same county, and to require them to associate with him to try the person so charged. 2 *R. S.* 711, § 2. By the 4th section, if the person making such request to be tried be brought before a magistrate not a justice or judge of the county, the officer is required to certify the facts to *three justices*, who shall meet and try the offender.

The statute enumerates judges of county courts and justices of the peace among the officers and magistrates who shall have power to issue process for the apprehension of persons charged with any offence, 2 *R. S.* 706, § 1, and in the succeeding sections, directs the mode of arrest of offenders and the letting of them to bail. By the 12th section, persons arrested, when no other provision is made, are directed to be brought before the magistrate who issued the warrant ; or if he be absent, or his office be vacant, before the nearest magistrate in the same county ; and then directions are given for the examination of the prisoner, &c., his discharge, or letting to bail, &c. By section 29, p. 710, a judge of the county court has power to let to bail in all cases triable in a court of general sessions. By section 25, p. 709, if no bail be offered, or the offence be not bailable by a justice, the prisoner shall be committed, except when a court of special sessions shall be authorized to try him.

From a comparison of these various sections it appears that a judge of the county courts who is not a justice of the peace, has power to issue a warrant for any offence, and to let offenders to bail in all cases triable in the general sessions. If the person charged be brought before him, and request to be tried by a court of special sessions, or omits to give bail for 24 hours after being required to do so, the judge, if the offence be triable in a court of special sessions, may associate *two justices* with

ALBANY,
Oct. 1832.

The People
v.
Tracy.

himself and try the offender : but I find no authority given to him to act as a member of a court of special sessions in any other case. If the offender is arrested and brought before any officer authorized to issue a warrant, not being a justice or judge of the county courts, such officer shall certify the facts to *three justices ;* not to a judge and two justices ; nor can such officer sit as a judge in the court of special sessions. It is not usual for the higher judicial officers to commence initiatory proceedings, and transfer the offender to inferior magistrates for trial, yet such may be the course of proceedings under our statutes, and provision is made for such a case. For instance : the chancellor, justices of the supreme court, and circuit judges, may issue a warrant, and take the examination of an offender for an offence cognizable before three justices. These superior magistrates cannot participate in his trial in the special sessions, should the offender request such trial, or refuse to give bail for 24 hours after demand ; they must certify the facts to three justices of the peace ; but a judge of the county courts, or justice having such offender before either of them, shall certify the facts to two justices. It follows that a judge cannot act as a member of a court of special sessions in any case except when the offender has been brought before him on the warrant, issued by himself, or some other magistrate. And it further follows that there was no regularly constituted court of special sessions when the defendant Thomas Tracy was sworn as a witness ; and no lawful oath being administered to him, he was not guilty of perjury.

The defendant must be discharged.